
FRANK N. DARRAS #128904, Frank@DarrasLaw.com
LISSA A. MARTINEZ #206994, LMartinez@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:  (909) 390-3770
Facsimile:   (909) 974-2121

Attorneys for Plaintiff
TERESA RAMIREZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| TERESA RAMIREZ, | Case No: |
|---|---|
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |
| vs. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the U.S. Healthworks Plan ("Plan") is long-term disability plan established and maintained by U.S. Healthworks to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, TERESA RAMIREZ ("Plaintiff"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Tennessee, authorized to transact and transacting the business of insurance in this state since May 14, 1971, and is the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that Defendant UNUM, who fully insured the Plan and who is ultimately liable if Plaintiff is found entitled to benefits under the Plan, may be found in this district. Since on or about April 7, 1970, UNUM has been registered as a corporation with the State of California; maintains an office in Glendale, California; employs California residents; has extensive contacts within the state; conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States; an employee of U.S. Healthworks, its successors, affiliates and/or subsidiaries; and a participant in the Plan.

**The Long-Term Disability Plan**

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein she was covered under group disability policy number 510424 001 (the "Policy") that had been issued by Defendant UNUM to U.S. Healthworks to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff. A copy of the Policy is attached hereto as Exhibit "A".

8. The Plan provides a monthly benefit equivalent to sixty percent (60%) of

Plaintiff's Monthly Earnings, defined in the Plan as her pre-tax gross monthly income from U.S. Healthworks, less Deductible Sources of Income including Social Security Disability benefits. Specifically, the Plan states: "UNUM will subtract from your gross disability payment the following deductible sources of income. ... 3.The amount that you, your spouse and your children receive or are entitled to receive as disability payments under: - the United States Social Security Act...." The minimum monthly benefit, after all Deductible Sources of Income, is the greater of $100 or 10% of gross disability benefits. LTD benefits begin following a 90-day Elimination Period and continue through the claimant's 65th birthday.

9. The Plan defines disability as follows: "You are disabled when Unum determines that: you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury. After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

### The Plaintiff's Disability

10. Prior to her disability, Plaintiff was working as a Medical Assistant for U.S. Healthworks since 1995. On or about November 1, 1999, while working as a medical assistant, she tried to unwedge a person who had fainted and was stuck between a table and a wall. While attempting to lift the person, Plaintiff experienced immediate pain to her wrists, right shoulder, back and neck. Subsequent x-rays, MRIs, and examinations revealed disc protrusions at multiple levels of the cervical, thoracic, and lumbar spine, with annular tears, flattening the dural sac, and compression of the spinal cord. She was also diagnosed with bilateral carpal tunnel syndrome, shoulder tendinitis due to moderate degenerative changes at the acromioclavicular joint, and severe fibromyalgia diagnosed by a rheumatologist. Plaintiff has already undergone right rotator cuff surgical repair and right ulnar nerve transposition. However, although her

workers' compensation treating doctors recommended a right L4-L5 diskectomy and bilateral L5-S1 diskectomy in 2003, this spinal surgery was never performed.

11. Plaintiff became disabled as defined by the Plan on or about November 10, 1999. She timely submitted a claim to UNUM for payment of disability benefits, which UNUM improperly denied. Plaintiff requested that her claim denial be reassessed, pursuant to the Regulatory Settlement Agreement ("RSA") as referenced in *In the Matter of Unum Life Insurance Company of America*, Targeted Multistate Disability Income Market Conduct Examination and Regulatory Settlement Agreement, and/or the California Settlement Agreement ("CSA") as referenced *In the Matter of Certificates of Authority of Unum Life Insurance Company of America, et.al.,* between UNUM and the California Department of Insurance.

12. Upon claim reassessment, on or about May 3, 2007, UNUM overturned its denial of Plaintiff's disability claim.

13. Thereafter, UNUM provided LTD benefits for a total of 13 years and 11 months, before abruptly denying Plaintiff's claim on January 2, 2014. For at least 12 of those years, UNUM found Plaintiff entitled to disability benefits under the "any gainful occupation" definition of disability, to wit: "due to the same sickness or injury, you are unable to perform the duties of *any gainful occupation* for which you are reasonably fitted by education, training or experience."

### Wrongful Denial of Benefits in 2014

14. Despite no improvement in her medical condition, and without having the Plaintiff's medical records reviewed by any physician prior to the denial, UNUM alleged that the Plaintiff was no longer disabled as of January 2, 2014. In fact, UNUM's claim notes indicate that UNUM "lost" the Plaintiff's file. On or about September 25, 2013, UNUM documented in the claim notes, "No paper file found will send out a lost file e-mail." Plaintiff requested a copy of her claim file in order to appeal the denial pursuant to ERISA. The claim file produced by UNUM contained no medical records, no physician record reviews, and none of the medical documentation submitted for her

reassessment and continuing disability from 2007 through 2013.

15. Plaintiff timely appealed the denial. In support of her appeal, she submitted updated medical records, including her most recent hospital emergency room visit for back pain, a physical therapy evaluation of her shoulder pain, and new MRIs of the Thoracic and Lumbar spine. The new MRI of her Thoracic Spine, dated March 1, 2014, showed the following abnormalities: posterior disc bulges effaced the ventral surface of the thecal sac at the T4-5 and T5-6 levels, and diffuse Schmorl's nodes. The new MRI of her Lumbar Spine, dated March 1, 2014, showed the following abnormalities: posterior disc bulges at the L1-2 and L3-4 levels; a posterior annular tear within the intervertebral disc, moderate bilateral neural foraminal narrowing secondary to a posterior disc bulge and facet joint hypertrophy, and bilateral exiting nerve root compromise is seen at the L4-5 level. Most significantly, at the L5-S1 level, severe right and moderate left neural foraminal narrowing secondary to a posterior disc bulge, and bilateral exiting nerve root compromise were seen. Plaintiff's medical records support her claim of back, shoulder, wrist, and fibromyalgia pain, as well as gastrointestinal disorders and headaches, which in combination continue to impair her ability to perform the duties of *any gainful occupation* for which she is reasonably fitted by education, training or experience.

16. On or about May 12, 2014, UNUM upheld its denial of benefits under the Plan. It did so without having any physician review any of the medical evidence submitted by Plaintiff with her appeal, nor any of the medical evidence in the claim file that supported her claim for 13 years and 11 months. UNUM's appeal denial letter states an unidentified "medical resource reviewed the information in file," a violation of 29 CFR § 2560.503-1(h)(3)(iv), which requires UNUM to "[p]rovide for the identification of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination."

17. UNUM's claim file notes state that the medical resource UNUM consulted to evaluate Plaintiff's appeal was a nurse, not a physician with expertise in the appropriate medical specialties. Further, the claim file notes state that the nurse was only in possession of a "partial" file due to the aforementioned "lost file" status. Despite the objective medical evidence substantiating Plaintiff's impairment due to chronic pain, including new MRI exams, UNUM's nurse reviewer failed to consider the effect of chronic pain on the Plaintiff's ability to perform any gainful occupation, as defined in the Plan and as mandated by the RSA and CSA.

**Underpayment of Benefits**

18. On or about July 6, 2006, Plaintiff and her employer entered into a Compromise and Release of her workers' compensation claim. As part of this settlement, Plaintiff received a permanent disability benefit. UNUM prorated the award and applied an offset of $125.78 per month pursuant to the Plan's Deductible Sources of Income provision. This reduced her LTD benefits under the Plan from $1,277.98 per month, to $1,152.20 per month.

19. On November 16, 2006, Social Security Administration ("SSA") Administrative Law Judge Barry S. Brown found Plaintiff totally disabled from any gainful occupation under SSA rules retroactively beginning November 8, 1999. However, upon review of her earnings record, the SSA found gainful earnings unlawfully filed under Plaintiff's name by her ex-husband until approximately January 2003. Therefore, her Social Security Disability benefits could not begin earlier than July 1, 2003.

20. Plaintiff received Social Security Disability benefits for herself and her minor children pursuant to this ruling from July 1, 2003, through April 30, 2012. UNUM took an additional offset for the amount Plaintiff received from the SSA ("SSA Offset") pursuant to the Plan's Deductible Sources of Income provision. The SSA Offset of $1,024.40 per month further reduced Plaintiff's LTD benefits from $1,152.20 per month, to the minimum benefit of $127.80 per month.

COMPLAINT

21. On or about April 25, 2007, the SSA re-opened Plaintiff's case to review whether she was eligible for SSA benefits in light of the earnings her ex-husband unlawfully reported in her name. Upon review, the SSA reversed its approval and demanded repayment of all disability benefits paid to Plaintiff and her minor children from July 1, 2003, forward.

22. UNUM retained Genex to assist Plaintiff with her appeal of the SSA's decision to revoke Plaintiff's benefits or assist her with reapplying for benefits. Unfortunately, Plaintiff's appeal of the SSA's revocation of benefits was unsuccessful. The SSA demanded repayment of an amount in excess of $100,000 – monies Plaintiff received from the SSA, which were deducted from her UNUM LTD benefits, and which should have been paid instead by UNUM pursuant to the terms of the Plan.

23. UNUM acknowledged that, because Plaintiff is not entitled to Social Security Disability benefits, no SSA Offset may be taken from her LTD benefits. Accordingly, on or about September 8, 2013, UNUM: (a) reversed the SSA Offset and paid Plaintiff $11,061.46 for underpaid benefits from May 1, 2012 through September 7, 2013; (b) ceased taking the SSA Offset from September 8, 2013, forward.

24. However, UNUM did not reverse the SSA Offset it took from July 1, 2003, through April 30, 2012, for Social Security Disability benefits that the Plaintiff is now required to repay the SSA. UNUM did not deny that Plaintiff was disabled under the terms of the Plan from July 1, 2003, through April 30, 2012. Nor did UNUM dispute the fact that the SSA has revoked Plaintiff's entitlement to Social Security Disability benefits from July 1, 2003, through April 30, 2012. Yet to date, UNUM has refused to pay the amount it deducted for the SSA Offset, totaling over $100,000 before interest. Plaintiff cannot afford to repay this amount out-of-pocket to the SSA, and UNUM refuses to pay Plaintiff for the amounts she has been underpaid under the Plan so that she can repay the SSA. Therefore, Plaintiff has been making monthly payments to the SSA and will continue to do so for decades, unless and until UNUM abides by the terms of the Plan, thus allowing Plaintiff to reimburse the SSA in a lump sum.

25. Plaintiff repeatedly appealed the partial denial of her benefits from July 1, 2003, through April 30, 2012, for Social Security Disability benefits that the Plaintiff is now required to repay the SSA. In a letter dated May 13, 2014, UNUM agreed that it had underpaid Plaintiff due to the SSA Offset UNUM took, but for 5 days only.

26. Based upon the substantial medical evidence in the possession of UNUM at the time of the denials, UNUM's decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan. ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator discharge its duties in respect to discretionary claims processing solely in the interests of the participants and beneficiaries of the plan, and it underscores the particular importance of accurate claims processing by insisting that administrators provide a "full and fair review" of claim denials. Here, UNUM engaged in procedural violations that are the hallmark of failure to provide a "full and fair review," including but not limited to: failing to provide a medical consultant in the correct specialty, and failing to identify the medical consultant who reviewed Plaintiff's file. UNUM ignored the proof of Plaintiff's disability, but combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim. UNUM based its denial on the opinions of nurse consultants employed by UNUM and, therefore, operating under a conflict of interest. UNUM based its ultimate denial on a nurse consultant whose opinion failed to take into account the effect of pain on the Plaintiff's ability to perform any gainful occupation with reasonable continuity, as required following the RSA and CSA.

27. As a direct and proximate result of UNUM's failure to provide Plaintiff with disability benefits, (a) Plaintiff has been partially deprived of said disability benefits from July 1, 2003, through April 30, 2012, thus preventing her from reimbursing the SSA, in an amount greater than $100,000; and (b) Plaintiff has been totally deprived of said disability benefits from January 3, 2014, to the present date.

28. As a further direct and proximate result of the denial of benefits, Plaintiff has

incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

29. A controversy now exists between the parties as to: (a) whether Plaintiff disabled as defined in the Plan; and (b) whether Plaintiff is entitled to be paid in an amount equal to the SSA Offset deducted by UNUM from July 1, 2003, through April 30, 2012. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and consequently she is entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits, including reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

**WHEREFORE, Plaintiff prays for relief against Defendants as follows:**

1. An award of benefits in the amount not paid Plaintiff, equal to the SSA Offset deducted by UNUM from July 1, 2003, through April 30, 2012, an amount greater than $100,000, together with interest at the legal rate from the date it became due until the date it is paid.

2. An award of benefits in the amount not paid Plaintiff beginning on or about January 3, 2014, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which she might be entitled while receiving disability benefits including reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

3. An order determining Plaintiff is entitled to future disability benefits so long as she remains disabled as defined in the Plan;

///
///
///
///

1    4.    For reasonable attorney fees incurred in this action; and,

2    5.    For such other and further relief as the Court deems just and proper.

4    Dated: January 1, 2016      DarrasLaw

_____
FRANK N. DARRAS
SUSAN B. GRABARSKY
Attorneys for Plaintiff
TERESA RAMIREZ

- 10 -
COMPLAINT